IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

UNITED STATES OF AMERICA

V.                    CASE NO. 2:25CR00013-BSM

ROBERT LEE SHAW

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT OR, IN THE ALTERNATIVE, MOTION FOR BILL OF PARTICULARS**

The United States by and through Jonathan D. Ross, United States Attorney, Stacy R. Williams, Assistant United States Attorney for its Response to Defendant's Motion for Bill of Particulars states:

**BACKGROUND**

On August 5, 2025, a Grand Jury sitting in the Eastern District of Arkansas indicted Robert Shaw in Count One for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Count Two for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), Count Three for possession of a substance containing psilocybin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and Count Four for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 3).

The charges arise from an investigation by the Second Judicial Drug Task Force who identified Shaw as a source of supply of narcotics in the West Memphis area. Agents had been tracking Shaw's movements with surveillance and court-approved tracking devices. Agents knew Shaw's residence was 2907 Dickson Street and believed Shaw operated a narcotics stash house at 402 North 35th Street. They had surveilled Shaw travel between the two residences many times, meeting cars for short amounts of time, conducting what the agents believed to be drug

transactions. Agents had also retrieved text messages[1] from James Mosely, another known drug distributor in the area, who appeared to be purchasing narcotics from Shaw at 402 North 35th Street.

After a report about someone overdosing after purchasing pills at 402 North 35th Street, agents did a trash pull from the residence. Inside the trash, agents found marijuana packaging that was the same packaging that agents had seized from Mosely's residence when they searched it on November 21, 2024. Agents used this information to obtain a search warrant for 402 North 35th Street.

When agents went to execute the search warrant, a surveillance team observed Shaw leaving the residence. Officers stopped Shaw for failing to stop at a stop sign. They could smell and see marijuana in the car. They seized approximately one pound of marijuana from the vehicle. When Shaw was arrested, a key to 402 North 35th Street was found on his keychain.

Officers executed the search warrant on 402 North 35th Street and found: a black trash bag with 453 grams of marijuana, a red backpack with 952 grams of marijuana, 6 grams of fentanyl, 9 grams of psilocybin mushrooms, 178 grams of marijuana, THC vape pens, THC gummies, 100 grams of ecstasy, two vacuum sealers, digital scales and baggies, a money counter, and cutting agent. An Andersson Arms AR pistol loaded with 24 rounds in the magazine was located in the kitchen.

Officers then went to Shaw's residence to execute a search warrant at this house. They found marijuana, an M30 pill, fentanyl patches, six boxes of THC vapes, two jars of THC concentrate, scale and baggies, ammunition and firearms magazines, and vacuum sealed bags.

In his motion, the defendant requests information regarding the allegations in the Indictment. The United States contends that the defendant used 402 North 35th Street as a stash

---

[1] At the time of the defendant's motion, the United States had not provided these messages. The United States has now provided the messages to dense counsel in discovery.

house and sold drugs out of the residence. Therefore, he is charged in Count One with the firearm found in the house and all the drugs found in the house. The marijuana charged in Count Three includes the marijuana found in Shaw's car, and both residences. All other questions can be answered from discovery previously provided.

"An indictment is sufficient 'unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.'" *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023) (quoting *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010)). It is not necessary for the United States to produce a bill of particulars in instances where the requested information is available to the defendant elsewhere. *United States v. Finn*, 919 F. Supp. 1305, 1326 (D. Minn. 1995). *See also, United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982). "Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

In addition, a court should deny a defendant's motion for bill of particulars if there is any indication that he or she is attempting to use the motion as a "discovery device . . . to require the [United States] to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993)). *See also, United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *United States v. Automated Medical Laboratories, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). While a defendant may file a motion for bill of particulars in instances where he or she thinks that the indictment does not provide sufficient information for preparing a defense, a court should not grant this motion unless the indictment fails to notify the defendant of what he or she is charged with, fails to provide the defendant with enough information to establish a defense or fails to minimize

the potential for surprise at trial. *See Livingstone*, 576 F.3d at 883. Ultimately, a charge in an indictment is sufficient if it merely tracks the language of the statute and does not omit any essential element of the offense. *See United States v. Hayes,* 574 F.3d 460, 472 (8th Cir. 2009); *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008); *United States v. Hance*, 501 F.3d 900, 906 (8th Cir. 2007).

It is the United States' position that the discovery in this case answers most of the questions the defendant posed in his motion, thereby alleviating the need for a bill of particulars in this matter. Further, since the indictment clearly notifies the defendant of the charges, fully tracking the language of the statutes, and provides sufficient information for the defendant to establish a defense and not be surprised at trial, the motion should be denied.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Defendant's Motion to Dismiss the Indictment or, in the alternative, Motion for Bill of Particulars be denied.

    Respectfully submitted,

    JONATHAN D. ROSS
    UNITED STATES ATTORNEY

    By: STACY R. WILLIAMS (2011081)
    Assistant United States Attorney
    425 West Capitol Avenue, Suite 500
    Little Rock, Arkansas 72201
    Stacy.Williams@usdoj.gov
    501-340-2600