IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CASE NO. 2:25-cr-00013-BSM |
| | ) | |
| ROBERT SHAW | ) | |

**MOTION TO EXCLUDE CELL-SITE LOCATION INFORMATION (CSLI) SEIZED USING NON-WARRANT IN VIOLATION OF FOURTH AMENDMENT PURSUANT TO *CARPENTER V. UNITED STATES***

COMES NOW the Defendant Robert Shaw by and through her attorney Michael Kiel Kaiser of Lassiter & Cassinelli, and for his motion states:

The United States has provided a significant amount of CSLI associated with phone number 314-348-0922 in discovery. All of the CSLI was seized pursuant to a court order under 18 U.S.C. § 2703(d) rather than a search warrant requiring probable cause. All CSLI must be suppressed pursuant to *Carpenter v. United States*, 585 U.S. 296 (2018) accordingly.

The Supreme Court of the United States ruled that law enforcement must obtain a search warrant to seize an individual's CSLI from their cell provider. *See Carpenter v. United States*, 585 U.S. 296 (2018) (holding "the government will generally need a warrant to access" CSLI). Nothing in the record to shows that law enforcement sought or obtained a search warrant for such records in this case. The records were thus seized illegally pursuant to *Carpenter*.

Just as in *Carpenter*, law enforcement obtained multiple orders for CSLI pursuant to 18 U.S.C. § 2703(d). *See § 2703(d) orders associated with phone number 314-348-0922, attached as Exhibit A*. This was not a search warrant containing probable cause that the place to be searched contains evidence associated with a crime. The Supreme Court in *Carpenter* found that the showing required for an order under 18 U.S.C. § 2703(d) "falls well short of the probable cause required for a warrant." 585 U.S. at 317. Thus, "an order issued under Section 2703(d) . . . is not a permissible mechanism for accessing historical cell-site records." *Id.*

Despite the *Carpenter* opinion being issued more than six years prior to the orders at issue here, law enforcement failed to comply with *Carpenter*'s clear requirement that a search warrant rather than a 2703(d) order is needed to validly access CSLI. Just as in *Carpenter*, this Court must suppress any and all such information seized pursuant to the 2703(d) orders based on this Fourth Amendment violation accordingly.

WHEREFORE the Defendant Robert Shaw respectfully requests that this Court grant his motion and exclude all CSLI seized in this case, and for any and all just and proper relief to which he may be entitled.

Respectfully submitted,

Michael Kiel Kaiser
MICHAEL KIEL KAISER
Ark. Bar No. 2015001
Attorney for Defendant
Lassiter & Cassinelli
Michael@LassCass.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was delivered on February 12, 2026, to AUSA Stacy Williams by email and via electronic filing.

MICHAEL KIEL KAISER