# IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

RE: PHONE NUMBER (314) 348-0922

## ORDER

Affidavit having been made before me by Agent Nathan Castle I hereby find probable cause that pursuant to 18 USC 2703(d) that the Legal Compliance Officer, VERIZON, and hereby is, ordered to provide the following records and information:

### 1. Particular Things to be Seized

All information about the location of the **Target Cell Phone** described below during all times of day and night, for a period of **60 days**, beginning the date the order is signed. "Information about the location of the **Target Cell Phone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described (hereinafter "Location Information").

To the extent that the Location Information is within the possession, custody, or control of VERIZON, VERIZON must: (1) disclose the Location Information to the 2nd Judicial District Drug Task Force and West Memphis Police Department; (2) furnish the 2nd Judicial District Drug Task Force and West Memphis Police Department with all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with VERIZON's services, including by initiating a signal to determine the location of the **Target Cell Phone** on VERIZON's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government; and (3) provide the 2nd Judicial District Drug Task Force and West Memphis Police Department with the Location Information on the **Target Cell** Phone at any hour of the day or night based upon the need for the 2nd Judicial District Drug Task Force and West Memphis Police Department to be able to locate the **Target Cell Phone** at any time. The 2nd Judicial District Drug Task Force shall compensate VERIZON for reasonable expenses incurred in furnishing such facilities or assistance. Pursuant to 18 U.S.C. § 3103a(b)(2), the Court finds reasonable necessity for the seizure of the Location Information, sufficient to support delayed notification. This warrant does not authorize the seizure of any tangible property.

The above information and records may be provided to Agent Nathan Castle by fax to 870-732-7683, or by email (preferred) at secondjudicialdrugtaskforce@gmail.com.

IT IS FURTHER ORDERED, that this order and the application be sealed until otherwise ordered by the court (except one (1) copy to the 2nd Judicial District Drug Task Force, that the identity of any target(s) of the underlying criminal investigation may be redacted from any copy of this order to be served on any service provider or other person, and that the local, long distance and

the wireless carriers and their representatives, agents and employees shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this order, the existence of the pen register or trap and trace device, or the existence of the above-described investigation, to the listed subscriber for the occupant of said premises, the subscribers of the incoming calls to or outgoing calls from **(314) 348-0922** the Target Telephone, or to any other person, in full or redacted form, unless or until otherwise ordered by the court.

Ordered this 19th day of February 2025 @ 4:14 PM

_____

Circuit Court Judge of the 2nd Judicial District

# IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

**RE: PHONE NUMBER (314) 348-0922**

## ORDER

Affidavit having been made before me by Agent Nathan Castle I hereby find probable cause that pursuant to 18 USC 2703(d) that the Legal Compliance Officer, VERIZON, and hereby is, ordered to provide the following records and information:

### 1. Particular Things to be Seized

All information about the location of the **Target Cell Phone** described below during all times of day and night, for a period of **60 days**, beginning the date the order is signed. "Information about the location of the **Target Cell Phone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described (hereinafter "Location Information").

To the extent that the Location Information is within the possession, custody, or control of VERIZON, VERIZON must: (1) disclose the Location Information to the 2nd Judicial District Drug Task Force and West Memphis Police Department; (2) furnish the 2nd Judicial District Drug Task Force and West Memphis Police Department with all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with VERIZON's services, including by initiating a signal to determine the location of the **Target Cell Phone** on VERIZON's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government; and (3) provide the 2nd Judicial District Drug Task Force and West Memphis Police Department with the Location Information on the **Target Cell** Phone at any hour of the day or night based upon the need for the 2nd Judicial District Drug Task Force and West Memphis Police Department to be able to locate the **Target Cell Phone** at any time. The 2nd Judicial District Drug Task Force shall compensate VERIZON for reasonable expenses incurred in furnishing such facilities or assistance. Pursuant to 18 U.S.C. § 3103a(b)(2), the Court finds reasonable necessity for the seizure of the Location Information, sufficient to support delayed notification. This warrant does not authorize the seizure of any tangible property.

The above information and records may be provided to Agent Nathan Castle by fax to 870-732-7683, or by email (preferred) at secondjudicialdrugtaskforce@gmail.com.

IT IS FURTHER ORDERED, that this order and the application be sealed until otherwise ordered by the court (except one (1) copy to the 2nd Judicial District Drug Task Force, that the identity of any target(s) of the underlying criminal investigation may be redacted from any copy of this order to be served on any service provider or other person, and that the local, long distance and

the wireless carriers and their representatives, agents and employees shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this order, the existence of the pen register or trap and trace device, or the existence of the above-described investigation, to the listed subscriber for the occupant of said premises, the subscribers of the incoming calls to or outgoing calls from **(314) 348-0922** the Target Telephone, or to any other person, in full or redacted form, unless or until otherwise ordered by the court.

Ordered this 23 day of December 2024

_____
Circuit Court Judge of the 2nd Judicial District