**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                                    **CASE NO. 2:25-CR-00013-BSM-1**

**ROBERT LEE SHAW**                                                         **DEFENDANT**

**<u>ORDER</u>**

Robert Shaw's motion to suppress the cell site location information (CLSI) collected by the 2nd Judicial Drug Task Force [Doc. No. 29] is denied because the warrants authorizing the collection satisfy the Fourth Amendment. *See* U.S. Const. amend. IV (listing warrant requirements). Shaw claims the orders directing Verizon to hand over his CSLI to the government violate the Fourth Amendment because they purport to be made under 18 U.S.C. section 2703(d). *See Carpenter v. United States*, 585 U.S. 296, 316–17 (2018) (collection of CSLI requires a warrant; orders under section 2703(d) are not enough). While Shaw's argument is understandable, the orders go well beyond section 2703(d)'s requirements. They are supported by an affidavit of probable cause, particularly describe the parameters of the searches and seizures, and are signed by a neutral magistrate. *See* Ex. 1, Doc. No. 29; Exs. 1 & 2, Doc. No. 30. Even if the orders did not satisfy the warrant requirement, Shaw presents no evidence indicating law enforcement did not rely on the orders in good faith. *See United States v. Leon*, 468 U.S. 897, 922–23 (1984).

IT IS SO ORDERED this 27th day February, 2026.

_____
UNITED STATES DISTRICT JUDGE