IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | )   CASE NO. 2:25-cr-00013-BSM |
| | ) |
| ROBERT SHAW | ) |

**MOTION TO SUPPRESS EVIDENCE OBTAINED PURSUANT TO UNCONSTITUTIONAL SEARCH OF 2907 DICKSON IN WEST MEMPHIS OR ALTERNATIVELY TO EXCLUDE EVIDENCE AS IRRELEVANT, IMRPOPER PROPENSITY EVIDENCE**

COMES NOW the Defendant Robert Shaw by and through his attorneys at Lassiter & Cassinelli, and for his Motion to Suppress Evidence obtained pursuant to the unconstitutional search of the residence at 2907 Dickson in West Memphis, states and avers as follows:

Warrantless searches and seizures inside a home are presumptively unreasonable under the Fourth Amendment. *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). Absent exigent circumstances, the threshold of a home may not reasonably be crossed without a warrant. *See Payton v. New York*, 445 U.S. 573, 588-590 (1980).

I. **Illegal, Unnecessary Protective Sweep.**

Here, officers entered the residence at issue roughly one hour before the warrant was actually signed. There was no need to do a protective sweep, and

officers' illegal warrantless entry was illegal accordingly. All evidence seized inside the residence must be suppressed.

"Something more than a speculative hunch is required for police to conduct a protective sweep." *United States v. Anderson*, 688 F.3d 339, 346 (8th Cir. 2012). The Supreme Court of the United States has held that a protective search of a car is not permitted once an "arrestee is handcuffed, secured in the back of a patrol car, and under the supervision of an officer." *Arizona v. Gant*, 556 U.S. 332, 337 (2009). Surely the same logic applies to a suspect's residence, which is entitled to significantly greater Fourth Amendment protections. Here, officers' actions make clear there was no legitimate concern for officer safety at any point during the encounter.

There was no evidence that anyone else was inside the residence. A protective sweep may not be based on some speculative hunch that someone else is inside. The door to the home was locked, and there were no vehicles parked outside the home. Simply put, officers had no reason to believe there was anyone inside the residence.

A protective sweep "may extend only to a cursory inspection of those spaces where a person may be found." *Maryland v. Buie*, 494 U.S. 325, 335 (1990). Further, such a sweep must be "quick and limited," and must be "initially confined to places large enough to conceal a person." *United States v. Boyd*, 180 F.3d 967,

2

976 (8th Cir. 1999). Here, officers' searches were neither quick nor limited, and their continued excursions into the home were not confined to places large enough to conceal a person. They searched inside small containers throughout the home. There was no legitimate concern for officer safety, and there was no valid protective sweep accordingly.

Further, "*Buie* authorizes protective sweeps for unknown individuals in a house who may pose a threat to officers as they effectuate an arrest; *Buie* does not allow a protective sweep for guns or contraband." *United States v. Waldner*, 425 F.3d 514, 517 (8th Cir. 2005). Just as in *Waldner*, here too there was "no evidence that officers had any articulable facts that an unknown individual might be in the [home], or anywhere else in the house, ready to launch an attack." *Id.*

The record is clear that officers were searching for contraband rather than some unknown individual(s) who might possibly pose a potential danger to them. Their statements and actions inside the residence makes this clear.

Officers' lack of specific information about anyone else inside the residence is precisely why this was not a valid protective sweep. *See United States v. Bagley*, 877 F.3d 1151, 1156 (10th Cir. 2017) ("lack of knowledge cannot constitute the specific, articulable facts required by *Buie*"). The purported protective sweep was an illegal warrantless entry accordingly, and all evidence gleaned during this

3

warrantless entry and officers' subsequent entries that day such must be suppressed accordingly.

## II.   The Affidavit Failed to Establish Probable Cause for Search.

Alternatively, the search warrant was based on an affidavit that failed as a matter of law to establish probable cause that officers would locate evidence of a crime inside the residence at issue.

When a magistrate issues a warrant based solely on the affidavit presented to him, "only the information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995).

Virtually all of the affidavit is about a different residence located at 402 N 35th Street in West Memphis. *See search warrant, affidavit for search warrant, and search warrant return, attached as Exhibit A*. The only arguable probable cause for the residence at issue was that officers purportedly "conducted a trash pull" at the residence and seized bags with marijuana residue. However, the affidavit does not make clear when this occurred. And the affidavit gives no other facts alleging that there will be evidence of a crime located inside the residence at 2907 Dickson. Rather, the affidavit alleges that Shaw used a different residence to stash drugs.

No reasonable officer would think that this affidavit contained probable cause to search the residence at 2907 Dickson. The good-faith exception does not

4

salvage this illegal search. No reasonable officer would have conducted a warrantless entry and search without a warrant in the first place.

### III. Such Evidence is Irrelevant, Inadmissible Propensity Evidence.

Such evidence is also inadmissible propensity evidence pursuant to Fed. R. Evid. 404, in that it encourages the jury to find that Shaw committed the charged acts in conformity with his character for being someone who possesses drugs. Further, such evidence is inadmissible pursuant to Fed. R. Evid. 403 as any marginal probative value it contains—which Shaw does not concede—is substantially outweighed by the dangers of unfair prejudice and confusion of the issues. There is a very real danger that the jury convicts Shaw of the charged acts based on a finding that he possessed the uncharged items found in 2907 Dickson on the same date rather than evidence he possessed the items for which he stands charged. Such evidence should be excluded accordingly.

WHEREAS the Defendant Robert Shaw respectfully requests that the Court suppress all unlawfully obtained evidence and statements under the exclusionary rule, and that the Court grant Mr. Shaw all other proper relief to which he is entitled.

    Respectfully submitted,
    <u>Michael Kiel Kaiser</u>
    MICHAEL KIEL KAISER
    Ark. Bar No. 2015001
    Attorney for Defendant
    Lassiter & Cassinelli
    Michael@LassCass.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was delivered on March 3, 2026, to AUSA Stacy Williams by email and via electronic filing.

*/s/ Michael Kiel Kaiser*
MICHAEL KIEL KAISER