IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | CASE NO. 2:25-cr-00013-BSM |
| ) | |
| ROBERT SHAW ) | |

**MOTION TO SUPPRESS EVIDENCE OBTAINED
PURSUANT TO UNCONSTITUTIONAL SEARCH OF
402 N 35th STREET IN WEST MEMPHIS**

COMES NOW the Defendant Robert Shaw by and through his attorneys at Lassiter & Cassinelli, and for his Motion to Suppress Evidence obtained pursuant to the unconstitutional search of the residence at 402 North 35th Street in West Memphis, states and avers as follows:

1. Agents lacked probable cause to search the residence at 402 N. 35th Street in West Memphis Arkansas ("the 35th Street house").

2. Agent Langston's Affidavit in support of the warrant to search the 35th Street house is void on its face because it does not state whether Detective Langston made any personal observations or heard any reliable declarant describe their personal observations regarding the 35th Street house.

3. Further, the allegations contained in the Affidavit fail to establish the requisite nexus between the 35th Street house and any contraband.

4. Thus, the search of the 35th Street house was conducted in violation of Shaw's rights under the Fourth Amendment to the U.S. Constitution.

1

5. This Court should suppress all evidence obtained from this illegal search.

## I. FACTS

6. The Affidavit's only alleged links between the 35th Street house and contraband are:

    a. Unidentified agents observed a person (Bradford Cooley) believed to be associated with a drug user (Kaniah Bond), exiting the house some time within the three weeks preceding the search;

    b. Unidentified agents discovered vacuum sealed bags with marijuana residue inside trash that they found "at the edge of the road facing east" of the 35th Street house;

    c. Unidentified agents conducting a probation search of James Mosley at 1920 East Barton discovered narcotics, which (for unstated reasons) "matched the same packaging at 402 North 35th Street in the trash pull[;]" and

    d. Unidentified agents "learned" (without further clarification regarding the date on which they did so or the circumstances thereof) that "the subjects selling narcotics on 35th Street also was notifying the arrestee Mosley to come to 35th street to purchase narcotics via text messages."

Exhibit A – *Affidavit of Cecil Langston, Jr.*.

7. Although the Affidavit does not state the date on which agents conducted the probation search of James Mosley at 1920 East Barton, the State's discovery file

establishes that agents conducted Mosley's probation search on November 21, 2024—nearly four months before Agent Langston affirmed that the probation search served as part of the basis for requesting a warrant to search the 35th Street house.

8. Instead of providing this date or describing the methods by which agents "learned" that "subjects" had texted Mosley about drugs being sold on 35th Street approximately four months prior, the Affidavit merely states, "This affidavit does not contain all the information discovered during this investigation, but only that believed necessary to provide probable cause for a search warrant." *Id.*

9. On the strength of this Affidavit, the circuit judge issued a warrant to search the 35th Street house. This warrant neither names Robert Shaw nor authorizes his arrest. Exhibit B – *Search Warrant*.

10. On March 12, 2025, one group of law enforcement officers went to the 35th Street house to execute the search warrant while another group made a traffic stop of Robert Shaw (for allegedly failing to stop at a stop sign), took him into custody, and drove him to the 35th Street house to witness the search.

11. Shaw contends this search was unreasonable. Accordingly, Shaw is now asking the Court to suppress all evidence obtained through the unreasonable search of the 35th Street house. Exhibit C – *Search Warrant Return*.

## II. ARGUMENT

**A. There Was No Probable Cause to Search the 35th Street house.**

12. The Fourth Amendment to the U.S. Constitution guarantees that "no Warrants shall issue, but upon probable cause[.]" U.S. Const. amend. IV.

13. Probable cause to search a particular location requires a showing that contraband or evidence of a crime sought is likely in the place to be searched. *See United State v. Ross*, 456 U.S. 798, 824 (1982) ("just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom").

14. The Court will invalidate a search if it was conducted solely because an officer's review of the evidence resulted in an inference that the suspect was a drug dealer, and the suspect's inferred "drug dealer" status caused the officer to believe drugs were present in a home believed to be associated with the suspect. This is because inferences that are drawn from other inferences do not constitute probable cause. *See Illinois v. Gates*, 463 U.S. 213, 236-239 (1983) (requiring a "substantial basis" and finding that a "wholly conclusory statement" was insufficient).

15. Agent Langston's Affidavit represents, at most, Agent Langston's analysis of the observations of unnamed agents suggesting that a drug dealer operated from somewhere on 35th Street, that someone had discarded packaging contaminated with drug residue in a trash can near the 35th Street house, and that the search and arrest of James Mosley at another location in November 2024 contributed to Agent

Langston's belief that drugs were likely to be found at the 35th Street house in March 2025.

16. These allegations do not establish the requisite nexus between the 35th Street house and any contraband. Nobody alleged they saw drugs inside the house. Nobody alleged they saw anyone carry drugs in or out of the house. Nobody who claimed to have any personal knowledge of the house said they believed drugs were present in the house. Multiple layers of inference based on hearsay statements—some so old that they were entirely stale by the time Agent Langston executed his affidavit—fail to establish the requisite nexus between the 35th Street house and the evidence agents were hoping to find in March 2025.

**B. The Affidavit Is Void Because It Does Not State Whether Agent Langston Saw or Otherwise Perceived Any Facts Justifying the Search.**

17. When a magistrate issues a warrant based solely on the affidavit presented to him, "only the information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995).

18. An affidavit is facially deficient unless it states one of three constitutionally permissible bases for a reasonable search: that the affiant has seen the illegal object or objects, that the affiant has observed or perceived facts from which he drew a reasonable inference that equipment used in the commission of a crime was present, or that the affiant has obtained information from a credible hearsay declarant. *See*

*Spinelli v. United States*, 393 U.S. 410, 423-424 (1969). *See also Illinois v. Gates*, 463 U.S. 213 (1983).

19. Agent Langston's Affidavit does not affirm that he saw any illegal object or objects. Exhibit A – *Affidavit of Cecil Langston, Jr.*

20. Agent Langston's Affidavit does not affirm that he observed or perceived facts from which he drew a reasonable inference that drugs were present in the 35th Street house. *Id*.

21. Agent Langston's Affidavit does not affirm that he obtained information from a credible hearsay declarant. *Id*.

22. Agent Langston's Affidavit does not even allege that he was present when other agents made personal observations, took the statements of hearsay declarants, or drew inferences based on this evidence. *Id*.

23. Instead, Agent Langston's Affidavit merely tells a story about a group of unnamed "agents" who allegedly observed certain occurrences and drew certain inferences from their observations. *Id*.

24. Since none of these unnamed agents made an oath or affirmation in support of the search warrant for the 35th Street house, and Agent Langston's Affidavit is facially deficient because it does not state any constitutional basis for a search, it was unreasonable for agents to search the 35th Street house.

25. Since agents' search of the 35th Street house was unreasonable within the meaning of both the U.S. Constitution and the Arkansas Constitution, this Court should suppress all evidence obtained from the search under the exclusionary rule.

**C. The Affidavit is Fatally Defective Because It Lacks Sufficient Indicia of Reliability.**

26. As previously established, Agent Langston's Affidavit does not affirm that he saw contraband in or near the 35th Street house, and it does not affirm that he was present when other agents were talking about what they saw, heard, did, and learned. Exhibit A – *Affidavit of Cecil Langston, Jr.*

27. Nevertheless, since the Affidavit describes things that "agents" allegedly heard, did, saw, and "learned," it may represent Agent Langston's inferences based on the hearsay statements of other, unnamed agents—even though it is not Agent Langston's assertion of personal knowledge.

28. To the extent that Agent Langston may have based his Affidavit on statements made in his presence by whichever agents took the crime stoppers tip, conducted the surveillance of Bradford Cooley on 35th Street, pulled the trash from near the 35th Street house, or conducted the probation search at 1920 East Barton, the Affidavit is nevertheless fatally defective and fails to state whether Agent Langston heard or otherwise reviewed such statements.

29. As previously established, one of the three constitutionally permitted bases for issuing a search warrant pursuant to an officer's affidavit is that the affiant has

obtained information from a reliable hearsay declarant. *See Spinelli*, 393 U.S. at 423-424; *Illinois v. Gates*, 463 U.S. 213 (1983).

30. One permissible way for an affiant to establish the reliability of a hearsay declarant is to provide the names of informants because a known informant can be held accountable for false statements made to police. *United States v. Nolen*, 536 F.3d 834, 840 (8th Cir. 2008).

31. However, if a hearsay declarant's identity is not disclosed in the affidavit, the information must exhibit "sufficient indicia of reliability." *Florida v. J.L.*, 529 U.S. 266, 270 (2000). An anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity. *Alabama v. White*, 496 U.S. 325, 329 (1990). An affiant may establish this reliability by corroborating the informant's tip or pointing to predictive information within the tip. *United States v. Winarske*, 715 F.3d 1063, 1067 (8th Cir. 2013).

32. The exclusionary rule applies when an affidavit in support of a search warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *United States v. Jackson*, 284 F.3d 1227, 1229 (8th Cir. 2015).

33. In this case, Agent Langston's Affidavit does not disclose the name of any agent who allegedly took the crime stoppers tip, conducted the surveillance of Bradford Cooley on 35th Street, pulled the trash from near the 35th Street house, or conducted the probation search at 1920 East Barton. Therefore, to be considered

8

sufficient, the Affidavit would have to exhibit sufficient indicia of reliability through additional methods like corroboration. *Florida v. J.L.*, 529 U.S. 266 at 270; *Winarske*, 715 F.3d 1063 at 1067.

34. Although the Affidavit states both Agent Langston's name and his credentials, it does not provide the qualifications of any other agents. Exhibit A—*Affidavit of Cecil Langston, Jr.* Moreover, it does not state the circumstances under which Agent Langston obtained the statements of any unnamed agent, or whether he obtained such statements at all. *Id*.

35. Moreover, although the Affidavit states the name of James Mosley, whose probation search allegedly caused unnamed "agents" to "learn" that Mosley had received text messages about drugs at the 35th Street house from certain unnamed "subjects," the Affidavit does not provide any of the following information:

    a. The subjects' names,

    b. Particular facts bearing on the subjects' reliability,

    c. Particular facts about how and when the unnamed agents obtained the unnamed subjects' alleged text-message statements, or

    d. Particular facts about how and when Agent Langston obtained those statements from the unnamed agents.

Exhibit A—*Affidavit of Cecil Langston, Jr.*

36. Thus, under the totality of the circumstances, the Affidavit does not exhibit sufficient indicia of reliability, and the Court should suppress all goods obtained from the search of the 35th Street house accordingly.

### III. CONCLUSION

37. The search of the 35th Street house was unreasonable because it was conducted without probable cause linking the residence with any contraband. Agent Langston's Affidavit is void on its face because it does not state whether Agent Langston ever saw, heard, or otherwise observed any of the facts alleged in the Affidavit, and it fails to exhibit sufficient indicia of reliability as to hearsay declarants upon whose statements Agent Langston may have relied when he executed the Affidavit.

38. All evidence gleaned as a result of this unconstitutional search must be suppressed to deter future police misconduct. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *Wong Sun v. United States*, 371 U.S. 471 (1963).

WHEREAS the Defendant Robert Shaw respectfully requests that the Court suppress all unlawfully obtained evidence and statements under the exclusionary rule, and that the Court grant Mr. Shaw all other proper relief to which he is entitled.

Respectfully submitted,

Michael Kiel Kaiser
MICHAEL KIEL KAISER
Ark. Bar No. 2015001
Attorney for Defendant

Lassiter & Cassinelli
Michael@LassCass.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was delivered on March 3, 2026, to AUSA Stacy Williams by email and via electronic filing.

*[signature]*
MICHAEL KIEL KAISER